**Izell J. POSTOM, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17487.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 19, 1963.

Decided Aug. 1, 1963.

———◆———

Mr. John A. Shorter, Jr., Washington, D. C., with whom Mr. Maurice R. Weeks, Washington, D. C., was on the brief, for appellant.

Mr. William C. Pryor, Asst. U. S. Atty., with whom Messrs. David C. Ache-

son, U. S. Atty., Frank Q. Nebeker and Joel D. Blackwell, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, WASHING-TON and DANAHER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

An indictment against Izell J. Postom charged that on April 19, 1962, he carnally knew and abused a female child under sixteen years of age, in violation of § 22–2801, D.C.Code (1961). He was tried and found guilty, and now appeals.

Although the testimony of Postom and his witnesses has not been transcribed and is not before us, we are told he swore that, at the time of the alleged offense, he and his wife were at church, and that several members of the church testified to the same effect. Postom did not call his wife as a witness, although she was present in court. When the defense rested, in a bench conference, Government counsel announced his intention to use the wife as a rebuttal witness, whereupon defense counsel asked the trial judge to determine, out of the presence of the jury, whether Mrs. Postom intended to exercise her privilege not to testify against her husband. The judge declined to do so.

The wife took the stand and, after she had identified herself as such, was asked whether on the day after her husband's arrest she had had a conversation with a Sex Squad detective as to her husband's whereabouts on the night of April 19, 1962. In response to appellant's objection to "her testifying," the judge said, "I am going to overrule it at this stage." Although the witness did not answer the question, she was then asked, "Did you at that time sign a statement and affirm under oath before a notary as to the whereabouts of your husband on April the 19th, 1962, Mrs. Postom?" This time, the trial judge sustained appellant's objection, instructed the witness not to answer, and then said to her:

"Under the statutes of the District of Columbia in a criminal proceeding a wife is competent but not

compellable to testify for or against a husband. You would be permitted to testify against your husband or for your husband, as you saw fit, but in this instance you may not do so because of objection by the defendant, and therefore your answer may not be had."

Following that, at a bench conference, Government counsel asked, "Do I understand, Your Honor, that Your Honor will not inquire as to whether or not she desires to testify; it is just the fact that the defendant has objected?", to which the judge answered, "No; because once they have objected, whether she desires to or not is irrelevant, as I construe the Hawkins case." [1]

■ Appellant claims the trial judge committed reversible error when, over his objection, he permitted Mrs. Postom to take the stand as a Government witness, although she did not actually testify against him. Quoting from the Hawkins case, he says the "mere presence of a wife as a witness against her husband in a case of this kind would most likely impress jurors adversely."

In the Hawkins case, the question was whether the District Court erred in permitting the Government, over the husband's objection, to use his wife as a witness against him, even though she offered no objection in court to so testifying. The Supreme Court noted the old common law rule that husband and wife are incompetent as witnesses for or against each other, but also noted that in Funk v. United States [2] it had rejected that phase of the rule which excluded testimony by spouses *for* each other, thus leaving in effect the part of the rule which barred testimony by them *against* each other. In the Hawkins case, the

Government urged the rejection of that part also, "in the light of reason and experience." [3] But the Supreme Court declined to do so, and reversed Hawkins' conviction. As it did so, however, the Court said (358 U.S. at 78, 79 S. Ct. at 138, 3 L.Ed.2d 125): "But Congress or this Court, by decision or under its rule-making power, 18 U.S.C. § 3771, can change or modify the rule where circumstances or further experience dictates."

Title 14, § 306 D.C.Code (1961), is as follows:

"In both civil and criminal proceedings, husband and wife shall be competent but not compellable to testify for or against each other."

This is, of course, a congressional enactment which completely abrogates the common law rule as far as this jurisdiction is concerned and makes the Hawkins case inapplicable in the District of Columbia. We hold, therefore, that Postom's objection to his wife's appearance as a witness for the Government was not well taken. She was "competent but not compellable;" that is to say, she could have refused to testify against him, but he could not by objection prevent her from doing so had she chosen to do it. She did not object to being called as a witness or to testifying for the prosecution. The fact that she did not testify against her husband was due, not to a claim of privilege by her, but to the court's ruling sustaining her husband's objection.

Mrs. Postom's mere appearance on the stand at the call of the Government was no more prejudicial to her husband than his own failure to call her as a witness to corroborate his statement that she was in church with him. An adverse infer-

1. Hawkins v. United States, 358 U.S. 74, 79 S.Ct. 136, 3 L.Ed.2d 125 (1958).

2. 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369 (1933).

3. Criminal Rule 26 is as follows: "In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by an act of Congress or by these rules. The admissibility of evidence and the competency and privileges of witnesses shall be governed, except when an act of Congress or these rules otherwise provide, by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience."

ence might have been drawn by the jury as well from one as from the other.

■ Because of the quoted provision of the District of Columbia Code, we think that, outside the presence of the jury, the trial judge should tell one who is called to testify for or against his[4] spouse that his testimony cannot be compelled but may be received if volunteered. But we think, for the reasons given, that the failure to follow that procedure here did not prejudice Postom's substantial rights.

Affirmed.

4. Common gender, of course.